*JH*

FILED

NOV - 1 2007
Nov. 1, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MICHAEL THOMPSON, )
)
           Plaintiff, )
)
v. )
)
CITY OF CHICAGO, OFFICER )
GLOWACKI, OFFICER LEPINE, )
OFFICER HUERTAS, OFFICER )
LAURETO, and OFFICER DIFRANCO, )
)
           Defendants. )

07CV6189
JUDGE CASTILLO
MAG.JUDGE SCHENKIER

JURY TRIAL DEMANDED

### COMPLAINT

NOW COMES the Plaintiff, MICHAEL THOMPSON, by and through his attorney, BASILEIOS J. FOUTRIS, and complaining against the Defendants, CITY OF CHICAGO, OFFICER GLOWACKI, OFFICER LEPINE, OFFICER HUERTAS, OFFICER LAURETO, and OFFICER DIFRANCO, states as follows:

### Nature of Action

1.    This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested on November 5, 2006 by the Defendants.

### Jurisdiction and Venue

2.    This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3.    At all relevant times the Plaintiff was a resident of the State of Illinois in this Judicial District.

1

4. The CITY OF CHICAGO is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the CITY OF CHICAGO was the employer of Defendants, OFFICER GLOWACKI, OFFICER LEPINE, OFFICER HUERTAS, OFFICER LAURETO, and OFFICER DIFRANCO. At all relevant times the Defendants, OFFICER GLOWACKI, OFFICER LEPINE, OFFICER HUERTAS, OFFICER LAURETO, and OFFICER DIFRANCO ("Defendant Officers" hereafter), were employed by the CITY OF CHICAGO as police officers and were acting within the course and scope of their employment and under color of law.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

<strong>Facts</strong>

6. On November 5, 2006, the Plaintiff was arrested by the Defendant Officers without a warrant, without provocation, and without legal justification.

7. The Plaintiff posed no threat of danger to the Defendant Officers at any time before, during, or after his arrest. The Plaintiff did not resist or obstruct the Defendant Officers' acts at any time before, during, or after his arrest. There was no probable cause or legal justification to arrest the Plaintiff.

8. On the above date the Defendant Officers stopped the Plaintiff while the Plaintiff was driving a vehicle. The Defendant Officers exited their vehicle with guns drawn, ordered the Plaintiff out of his vehicle, and immediately searched him. The Defendant Officers subsequently searched the Plaintiff's vehicle. The Defendant Officers then transported the Plaintiff to the location of a second vehicle that the Plaintiff owned. The Defendant Officers searched that vehicle.

2

9.    The Plaintiff never consented to his person being searched. The Plaintiff never consented to his vehicles being searched. There was no legal justification or probable cause to search either the Plaintiff or either of his vehicles.

10.    Following the searches, the Defendant Officers informed the Plaintiff that they would let him go if he provided them with information about criminal activity. The Plaintiff was unable to do so. Since he could not provide any information, the Defendant Officers told the Plaintiff that he was under arrest.

11.    The Defendant Officers thereafter commenced criminal proceedings against the Plaintiff. There was no probable cause or legal justification to commence criminal proceedings against the Plaintiff. The criminal proceedings against the Plaintiff were subsequently dismissed in a manner indicative of innocence.

12.    The Plaintiff sustained injuries due to the Defendant Officers' actions. The Defendant Officers' acts were intentional, willful and wanton.

### COUNT I- 42 U.S.C. §1983
### False Arrest- Individual Defendants

13.    The Plaintiff realleges Paragraphs 1 through 12, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 13.

14.    As described in the preceding paragraphs the conduct of the Defendant Officers, acting under color of law, constituted an unlawful arrest of the Plaintiff in violation of the United States Constitution.

15.    The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

3

16.    The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

17.    As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, MICHAEL THOMPSON, prays for judgment in his favor and against the Defendants, OFFICER GLOWACKI, OFFICER LEPINE, OFFICER HUERTAS, OFFICER LAURETO, and OFFICER DIFRANCO, awarding compensatory damages, attorney fees, costs, and punitive damages against the Defendants, as well as any other relief this Court deems just and appropriate.

### COUNT II- 42 U.S.C. §1983
### Unlawful Searches- Individual Defendants

18.    The Plaintiff realleges Paragraphs 1 through 17, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 18.

19.    As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law, constituted unlawful searches of the Plaintiff and unlawful searches of his vehicles in violation of the United States Constitution.

20.    The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

21.    The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

22.    As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, MICHAEL THOMPSON, prays for judgment in his favor and against the Defendants, OFFICER GLOWACKI, OFFICER LEPINE, OFFICER HUERTAS, OFFICER LAURETO, and OFFICER DIFRANCO, awarding compensatory damages, attorney fees, costs, and punitive damages against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count III- Illinois State Law
### False Arrest/ False Imprisonment- All Defendants

23.    The Plaintiff realleges Paragraphs 1 through 22, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 23.

24.    As described above, the Defendant Officers arrested the Plaintiff without a warrant, without probable cause and without legal justification.  Due to the arrest, the Plaintiff had his liberty to move about restrained by the Defendants.

25.    The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

26.    As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, MICHAEL THOMPSON, prays for judgment in his favor and against the Defendants, CITY OF CHICAGO, OFFICER GLOWACKI, OFFICER LEPINE, OFFICER HUERTAS, OFFICER LAURETO, and OFFICER

DIFRANCO, awarding compensatory damages against the Defendants, and punitive damages against the Individual Defendants, as well as any other relief this Court deems just and appropriate.

## Count IV- Illinois State Law
## Malicious Prosecution- All Defendants

27.     The Plaintiff realleges Paragraphs 1 through 26, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 27.

28.     As described above, the Defendant Officers arrested and commenced criminal proceedings against the Plaintiff without probable cause or legal justification. The criminal proceedings were instituted with malice, and were ultimately dismissed in a manner indicative of innocence.

29.     The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

30.     As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, MICHAEL THOMPSON, prays for judgment in his favor and against the Defendants, CITY OF CHICAGO, OFFICER GLOWACKI, OFFICER LEPINE, OFFICER HUERTAS, OFFICER LAURETO, and OFFICER DIFRANCO, awarding compensatory damages against the Defendants, and punitive damages against the Individual Defendants, as well as any other relief this Court deems just and appropriate.

6

## Count V- Illinois State Law
### Indemnification- Chicago

31.     The Plaintiff realleges Paragraphs 1 through 30, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 31.

32.     At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

33.     At all relevant times the City of Chicago was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, MICHAEL THOMPSON, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, CITY OF CHICAGO, in the amounts awarded to the Plaintiff against the individual Defendants and for whatever additional relief this Court deems just and appropriate.

### JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

BASILEIOS J. FOUTRIS
Attorney for Plaintiff


Basileios J. Foutris
FOUTRIS LAW OFFICE, LTD.
Attorney for Plaintiff
53 West Jackson, Suite 252
Chicago, IL 60604
(312) 212-1200

7